JAMES W. SMITH, ADMR., *v.* CHARLES ALEXANDER, ADMR.

**Money Received—Money on Deposit by Attorney.**
    Where an attorney received money which belonged to another and deposited it in a bank to his own account, and died leaving a portion of it on deposit in the bank, the person so entitled to it may have it applied to the satisfaction of his claim.

APPEAL FROM WOODRUFF CIRCUIT COURT.

December 16, 1873.

OPINION BY JUDGE PETERS:

W. W. George, as garnishee on balance of a judgment of the Woodford Circuit Court in the consolidated suits of *J. E. McCoun,*

*et al. v. J. S. Whittington et al.,* gave to J. E. Hoskins, attorney for appellant, his check on the banking house of J. Amsden, etc., for $237.13. The check was payable to J. E. Hoskins, attorney, J. H. Smith, Admr., or order, dated August 7, 1872. On the same day, said George paid to J. E. Hoskins, by a check on the same bank, in his own right, $102.14, the amount adjudged to him in the consolidated suits before named. On the day after said checks were drawn, Hoskins presented them to the bank and had the amount of each check placed to his own credit on the books of the bank, which made the sum of $339.27. At that time Hoskins had no other money to his credit in said bank, nor afterwards. He commenced drawing on that fund on the day it was placed to his credit, and continued up to the 20th of the same month, when there remained in the bank only $179.48. On the 9th of September, 1872, Hoskins died insolvent, leaving the last named sum in said bank to his credit. Smith, as administrator, claims it, and Hoskins' administrator resists the claim.

J. K. Hoskins, son of the intestate, proved that in the summer of 1872 (in August he thought), he heard his father say that there was a sum of money about $178 to his credit in the bank of Amsden, etc., and he could draw every cent of it if he wished to do so; but it was not for Jimmie Smith; and in reply to the question whether he had or not some money in bank, he said yes, but it belonged to some other man.

The identity of the fund is fixed by the evidence. Smith's money was paid to him by George in a check, which on its face showed whose money it was, and although Hoskins had it placed on the books of the bank to his own credit, he said the money was not his, that it belonged to another person, that it was for Smith. The money having been thus identified in the hands of the banker, Smith can follow it there, and have it applied to the satisfaction of his claim against Whittington, etc.

Wherefore the judgment is reversed and the cause is remanded with directions to adjudge the $179.48 to the credit of J. E. Hoskins on the books of the bank of Amsden, etc., to appellant and for further proceedings, consistent herewith.

*Porter & Wallace, for appellant.*

———, *for appellee.*